FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
michaelo@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCES LEVI, an individual; FILMDAILY.CO, an unknown business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>  **1. COPYRIGHT INFRINGEMENT**<br>  **2. VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 605**<br>  **3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Triller Fight Club II LLC, a Delaware limited liability company ("Plaintiff" or "Triller") hereby complains against Defendants Frances Levi ("Levi"), FilmDaily.co, an unknown business entity ("FilmDaily"), and Does 1 through 10, inclusive (collectively, the "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). Plaintiff's copyright in the Broadcast bears Registration Number PA 2-290-040, became effective on April 30, 2021, and was decided on May 4, 2021. A true and correct copy of Plaintiff's unofficial certificate of copyright registration is attached hereto as **Exhibit A**.

2. The Broadcast was filmed by cameras at the event which were connected to satellite trucks also at the event. The satellite trucks uplinked a satellite transmission which was then downlinked to different networks, such as FITE TV ("FITE"). FITE downlinked the Broadcast from a satellite using equipment and services from PSSI Global Services, LLC ("PSSI"), and made the Broadcast available to paying customers worldwide through its applications and supported devices. Plaintiff institutes this action to obtain remedy for and permanently hinder the blatantly unlawful infringement and rampant theft of its copyrighted work by the Defendants.

3. Defendants, and each of them, utilized the website https://filmdaily.co (the "Website") to unlawfully upload, distribute, and publicly display the Broadcast to the users of the Website, without first requesting or receiving from Fight Club authorization therefore.

4. On April 17, 2021, Defendant created and published to the Website at least four (4) posts advising consumers how to unlawfully view the Broadcast.

  a. On April 17, 2021, Defendants created and published a post titled

"Live Reddit! Jake Paul vs Ben Askren Stream Free, How to Watch?," advising consumers "How to watch Jake Paul vs Ben Askren Live Stream Free Online" and providing a clickable link titled "Click to Watch Paul vs Askren Live Free." A true and correct screenshot of the aforementioned post is attached hereto as **Exhibit B**.

b. On April 17, 2021, Defendants created and published a post titled "Boxing Streams Reddit: Watch Paul vs Askren live free FITE TV," noting that "In the past Reddit has proven to be a convenient platform to stream Boxing Pay-Per-View events live." A true and correct screenshot of the aforementioned post is attached hereto as **Exhibit C**.

c. On April 17, 2021, Defendant created and published a post titled "Stream Free! Jake Paul vs Ben Askren Live Fight on Reddit!," providing a clickable link titled "Click To Watch Paul vs Askren Live Stream Free." A true and correct screenshot of the aforementioned post is attached hereto as **Exhibit D**.

d. On April 17, 2021, Defendant created and published a post titled "Jake Paul vs Ben Askren 'Reddit' Live! Free Stream, How to Watch?," providing a clickable link titled "Click To Watch Paul vs Askren Live Stream Free." A true and correct screenshot of the aforementioned post is attached hereto as **Exhibit E**.

5. Upon information and belief, Defendants, and each of them, acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's copyright in the Broadcast by using the Website to unlawfully upload, distribute, and publicly display, without authorization, the Broadcast to the users of the Website. Defendants' calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff by stealing and diverting unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

6. Notwithstanding Defendants' recognition that Plaintiff never authorized their respective copying, downloading, uploading, public display and/or distribution of the Broadcast, Defendants engaged—and unjustly benefitted—from their unlawful conduct. Defendants' plain acts of thievery, misappropriation, and infringement, as further described herein, are tantamount to, and no less deplorable than, the acts of a pilferer, poaching on and looting the fruits of another's hard-earned labor.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101, *et seq.*, and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which states that district courts shall have original jurisdiction of any civil action relating to, among other things, copyrights.

8. This Court has personal jurisdiction over the parties in this action because Defendant's violation of federal laws and Plaintiff's rights took place in this district.

9. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10. Plaintiff is a limited liability company organized under the laws of Delaware and having its principal place of business in the State of California.

11. Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a pay-per-view basis to its paying customers over the internet or via cable or satellite TV. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.

12. Plaintiff owns the copyrights to the Broadcast. As the exclusive owner

of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and perform the Broadcast publicly.

13.   Upon information and belief, Levi is an individual residing in London, England.  Upon information and belief, Levi owns, operates, or otherwise controls the Website for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programming of audiovisual materials between users of the Website.  Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by Levi through her illegal uploading and distribution of the Broadcast via the Website.

14.   Upon information and belief, FilmDaily is a business entity, the exact nature of which is unknown, registered in Nevada and doing business in the State of California. Upon information and belief, FilmDaily owns, operates, or otherwise controls the Website for the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos and live programing of audiovisual materials between users of the Website. Those materials include programming owned and/or controlled by Plaintiff, including the Broadcast, which was offered by FilmDaily through its illegal uploading and distribution of the Broadcast.

15.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants, and each of them, by such fictitious names.  Plaintiff will advise the Court and seek leave to amend this Complaint when the true names and capacities of each such Defendant has been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each such Defendant designated as a Doe is responsible in some manner for the events and happenings referred to herein or as hereinafter specifically alleged.

## **ALTER EGO ALLEGATIONS**

16.   Upon information and belief, at all relevant times, there existed a unity of

interest between Defendants such that any individuality or separateness between them has ceased. FilmDaily is the alter ego of Levi in that:

    a. FilmDaily is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Levi carried on business in the name of FilmDaily, while exercising complete control and dominance over FilmDaily, its business and assets, to such an extent that any individuality or separateness between FilmDaily and Levi.

    b. FilmDaily was conceived, intended, and used by Levi as a device to avoid liability and for the purpose of substituting an undercapitalized entity—namely, FilmDaily —in the place of Levi. FilmDaily is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business done by Levi and the risks of loss, its capitalization was illusory and trifling. In addition, many assets of FilmDaily were transferred without adequate consideration to Levi.

    c. Levi diverted assets from FilmDaily to himself to suit his own convenience in carrying out business matters which were and should have been the domain of FilmDaily.

    d. FilmDaily is, and at all times herein mentioned was, controlled, dominated, and operated by Levi as her alter ego, in that the activities and business of FilmDaily were carried out without annual meetings, and without keeping records or minutes of any proceedings, or maintaining written resolutions.

17. Adherence to the fiction of the separate existence of FilmDaily and Levi would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business

1  conduct, as alleged more fully herein, by Defendants was intended, among other
2  things, to allow Levi to avoid liability to Plaintiff and others.

## COUNT ONE

## Copyright Infringement

## (Against All Defendants)

18. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

19. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

20. As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

21. Defendants, and each of them, failed to obtain the proper authority or license from Plaintiff to copy, publicly perform or distribute the Broadcast.

22. Upon information and belief, Defendants illegally copied, uploaded, publicly performed and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

23. Defendants, and each of them, utilized the Website to upload, distribute, and publicly display the Broadcast to the users of the Website in direct violation of the exclusive rights owned by Plaintiff.

24. Specifically, upon information and belief, the Defendants, and each of them, obtained the Broadcast through internet websites, cable and/or satellite pay-per-view purchase intended for private, non-commercial viewing, and subsequently

illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to the Website for other users to also illegally view, download, access, share, and distribute.

25. Defendants, and each of them, have infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the Website through the generation of advertising revenue gained by consumer viewership of the Broadcast.

26. Defendants' acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

27. By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial.

29. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT TWO

**Violation of the Federal Communications Act, 47 U.S.C. §605**

**(Against All Defendants)**

30. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

31. Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

32. The Broadcast was available for non-commercial, private viewing through Plaintiff, its authorized online vendors, as well as through pay-per-view purchase through authorized satellite TV providers. Defendants, in a calculated effort to use Plaintiff's Broadcast for their own commercial benefit, obtained access to Plaintiff's Broadcast by purchasing the programming and subsequently copying the Broadcast and uploading it to the Website.

33. In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

34. Upon information and belief, with full knowledge that the Broadcast was not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the Website in exchange for payments to aid, encourage, support, or otherwise endorse Defendants' infringing conduct.

35. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast via Defendants' satellite TV service by ordering programming for residential use and subsequently copying, uploading, distributing and publicly displaying the Broadcast without authorization, or by such other means which are unknown to Plaintiff and known only to Defendants.

36. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcast for which Plaintiff had the distribution rights thereto.

37. By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 47 U.S.C. § 605(a)

38. As a proximate result of Defendants' willful violations of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to *each* violation.

39. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT THREE
## Vicarious Copyright Infringement
## (Against All Defendants)

40. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

41. Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal. The Broadcast originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

42. Upon information and belief, Defendants, and each of them, directly infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions thereof via the internet on the Website in direct violation of Plaintiff's exclusive copyright.

43. Upon information and belief, Defendants encouraged online users to copy, share, download, distribute, and share content, including the Broadcast, on the Website, and Defendants facilitated, participated in and induced users to engage in the unauthorized reproduction, adaptation, public display and public performance of

programming containing Plaintiff's copyrighted Broadcast.

44. Defendants had the right and ability to control and prevent the users on the Website from directly accessing and infringing on Plaintiff's Broadcast which was copied, uploaded, and distributed by Defendants, and each of them.

45. Defendants derived a financial benefit from such users' activities on the Website by generating advertising Defendants' infringement of Plaintiff's Broadcast.

46. By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

47. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial.

48. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO COUNT ONE:

1. That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial; and

3. That an order be issued requiring Defendants, and each of them, to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

///

AS TO COUNT TWO:

4. For statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each of the Defendants' willful violations of 47 U.S.C. § 605(a).

AS TO COUNT THREE:

5. That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

6. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial; and

7. That an order be issued requiring Defendants, and each of them, to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO ALL COUNTS:

8. For pre-judgment and post-judgment interest on all damages awarded;

9. For attorneys' fees and costs of suit incurred herein according to proof; and

10. For such other and further relief as the Court may deem just and proper.

Dated:  August 12, 2021         NOVIAN & NOVIAN, LLP
                                Attorneys at Law

                          By:   /s/ Farhad Novian
                                FARHAD NOVIAN
                                MICHAEL O'BRIEN
                                ALEXANDER BRENDON GURA

                                *Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

4820-8923-8759, v. 2